#2923376\2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **INTREPID U.S.A., INC.** | § | Case No. 04-40416 |
| **INTREPID OF GOLDEN VALLEY, INC.** | § | Case No. 04-40462 |
| **F.C. ACQUISITION CORPORATION** | § | Case No. 04-40418 |
| | § | |
| Debtors. | § | |

**ORDER AUTHORIZING EMPLOYMENT OF SPECIAL COUNSEL FOR CHAPTER 11 DEBTORS (HUNTON & WILLIAMS, LLP)**

Upon the Motion by the Debtors to employ the law firm of Hunton & Williams, LLP as special counsel in these Chapter 11 cases, it appears that it is necessary for the Debtors to employ special counsel, it appears that the attorneys selected by the Debtors do not hold or represent an interest adverse to the estates as to matters on which they are to be employed within the meaning of 11 U.S.C. § 327(e), and it appears that Debtors and Hunton & Williams have reached agreement with the United States Trustee regarding the scope of employment,

IT IS HEREBY ORDERED:

1. The Debtors may employ Hunton & Williams, LLP as special counsel herein upon the basis set forth below, all subject to the provisions of 11 U.S.C. §§ 327(e), 328 and 330:

   a) <u>Medshares Bankruptcy</u>—Debtors are authorized to employ the firm in this bankruptcy case to the extent necessary to represent the Debtor's interests as to services already performed, and going forward to the extent necessary to pursue recovery of certain funds held in escrow by the Medshares bankruptcy court to which the Debtors claim entitlement and protect and have allowed, as may be required, the "NCFE super-priority claim" in the Medshares estate. It is acknowledged that the firm has in the past also represented the interests of TBJG in this matter. The firm's fees will be allowed, subject to 11 U.S.C. §330, provided that any recovery obtained in this matter shall be for the sole and exclusive benefit of the Debtors and not TBJG.

   b) <u>Interlink Bankruptcy</u>—Debtors are authorized to employ the firm in the Interlink bankruptcy to the extent necessary to represent the Debtors' interests as to services already performed and, going forward to the extent necessary to finalize claims and payment on claims, resolve disputed claims and obtain a final decree. The firm is also authorized to

represent the Debtors in certain litigation related to Interlink, to the extent deemed necessary by Crossroads, LLC.

      c)    <u>DVI Bankruptcy</u>—Debtors are authorized to employ the firm with respect to the DVI bankruptcy to the extent necessary to represent the Debtors' interests as to services already performed, and, going forward, to the extent determined necessary by Crossroads, LLC.

      d)    <u>Intrepid Bankruptcy cases</u>—Debtors are authorized to employ the firm in connection with providing support and information in the early days of these bankruptcy cases to Fredrikson & Byron, in assisting the Debtors with the transition to new counsel, and in assisting the Debtors in defense of the motion to dismiss and motion for appointment of a Chapter 11 trustee. Going forward, the firm is authorized to continue providing such information and support as Fredrikson & Byron or Crossroads, LLC may request. In the event that Crossroads LLC determines that the firm is needed to undertake any litigation other than described herein, the Debtors shall make a supplemental employment application.

2. The activity at the commencement of the cases and the circumstances of the cases, including the change in Debtor's bankruptcy counsel and numerous contested motions, warrant the firm's employment being effective as of the commencement of the case. This determination is made pursuant to the considerations set out in *Lavender v. Wood Law Firm,* 785 F. 2d 247 (8th Cir. 1986).

3. Hunton & Williams, LLP is authorized to schedule a hearing for allowance of its professional fees and expenses under 11 U.S.C. §§ 331 and 330 not more than once every ninety (90) days; and

4. Hunton & Williams, LLP may submit regular monthly invoices to the Debtors, with copies to counsel for the Committee of Unsecured Creditors and to the Office of the United States Trustee, and the Debtors are authorized to pay 80% of such fees and 100% of costs on a monthly basis, subject to later allowance by the Court as set out above.

Dated: March 29, 2004                /e/ Nancy C. Dreher
                                          Nancy C. Dreher
                                          United States Bankruptcy Judge

e148-1

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 03/30/04
Lori A. Vosejpka, Acting Clerk, By KK

STATE OF MINNESOTA
                              SS.
COUNTY OF HENNEPIN


I, Karen Krouch, hereby certify: I am a Deputy Clerk of the United States Bankruptcy Court for the District of Minnesota; on March 30, 2004, I placed copies of the attached:

ORDER

in individual postage metered official envelopes addressed to each of the persons, corporations, and firms at their last known addresses:


Habbo G. Fokkena, United States Trustee, 1015 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415

Clinton E. Cutler, Esquire
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, Minnesota 55402-1425

Amy J. Swedberg, Esquire
90 South Seventh Street
Suite 3300
Minneapolis, Minnesota 55402

John R. McDonald, Esq.
Robins Kaplain Miller & Ciresi
800 LaSalle Ave. S., Suite 2800
Minneapolis, MN  55402

Michael L. Meyer, Esquire
4545 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402

Michael Massad, Esq.
Hunton & Williams LLP
30th Floor Energy Plaza
1601 Bryan St.
Dallas, TX  75201

I sealed and placed the envelopes in the United States mail at Minneapolis, Minnesota.

/e/ Karen Krouch
Karen Krouch, Deputy Clerk