UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 11 Bankruptcy |
| Intrepid U.S.A., Inc. | Case No. 04-40416-NCD |
| Intrepid of Golden Valley, Inc. | Case No. 04-40462-NCD |
| F.C. Acquisition Corporation, | Case No. 04-40418-NCD |
| | (Jointly Administered) |
| Debtors. | |

## JOINT APPLICATION BY DEBTORS TO EMPLOYMENT BY LEGAL COUNSEL FOR CLAIM DISPUTE

TO:    United States Trustee and other parties in interest identified in Local Rule 2014-1.

1.    Intrepid U.S.A., Inc. and the affiliated Debtors referenced above (collectively "Debtors") have filed petitions for reorganization under Chapter 11 of the Bankruptcy Code, Title 11, United States Code, and require the assistance of legal counsel with specialized knowledge and experience to assist Debtors in a claim dispute with the Center For Medicare/Medicaid Services ("CMS") and the Office of Inspector General ("OIG") as described below.

2.    Debtors wish to employ Samuel R. Maizel and the law firm of Pachulski Stang Ziehl Young Jones & Weintraub ("PSZYWJ"), an attorney and firm having specialized knowledge and experience in dealing with CMS and OIG claims. PSZYWJ will assist Debtors and counsel in analyzing and disputing the CMS/OIG claims.

3.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005, and Local Rule 1070-1. This is a core proceeding. The petitions commencing these cases were filed on January 29, 2004 and April 12, 2004. The cases are now pending in this Court.

4. This Application arises under 11 U.S.C. §§ 327 and 328, and Bankruptcy Rule 2014. This Application is filed under Local Rules 2014-1 and 9013-4. Debtors seek an order authorizing them to employ Maizel for the purposes set out herein.

5. Mr. Maizel and PSZYWJ specialize in health care and government contract insolvency issues, and has extensive experience in CMS/OIG claims disputes. Debtors' current claim dispute with CMS/OIG is central to the success of Debtors' reorganization. Therefore Debtors believe it is in the best interests of the estate and creditors that Debtors employ Mr. Maizel and PSZYWJ to consult and assist in this claims dispute, in the manner more specifically set out in the Declaration of Samuel R. Maizel, filed herewith.

6. Debtors propose that Mr. Maizel and PSZYWJ be employed at the hourly rates customarily charged by the firm, plus consideration for any risk that there may not be funds available to pay fees, any delay in payment of fees, and such other factors as may be appropriate, plus reasonable expenses, all as may be allowed by the Court.

7. Debtors are informed that PSZYWJ represented the court-appointed examiner in the case entitled *In re DVI, Inc.*, Case Nos. 03-12656 through 03-12658 venued in the Bankruptcy Court for the District of Delaware, which may constitute a connection as set out Bankruptcy Rule 2014. Debtors are also informed that the examiner's services in the DVI case have been completed and this is no longer an active representation. Debtors have reviewed the Unsworn Declaration of Samuel R. Maizel filed herewith, and believe that except as set out therein, PSZYWJ does not represent any other entity in connection with the cases, and does not hold a represented interest adverse to the estate, and is "disinterested" within the meaning of 11 U.S.C. § 327(a).

8. Debtors propose that PSZYWJ be authorized to follow the same billing and payment procedures as other professionals in the case with respect to payment of fees and expenses, making a request for payment of 80% of fees and 100% of expenses on a monthly basis on notice to the Debtors, counsel for the Debtors, counsel for the Official Committee of Unsecured Creditors, and United States Trustee. Debtors also request that PSZYWJ be authorized to make application for allowance of fees and expenses at approximately 90 day intervals to coincide with the fee applications of other professionals in the case.

9. In the event the United States Trustee, the Court or any other party in interest asserts or is concerned that PSZYWJ does not meet the requirements necessary to be employed under the circumstances here, including being compensated by the bankruptcy estate, Debtors request that a hearing be scheduled.

10. Debtors have previously made application for employment of an expert statistician to assist them in connection with the CMS/OIG claim objections. The services to be performed by PSZYWJ will not overlap or duplicate the services to be performed by the statistician or by Debtors' Chapter 11 counsel.

WHEREFORE, Intrepid U.S.A., Inc. and its affiliated Debtor entities jointly request an order approving the employment of Samuel R. Maizel and the law firm of Pachulski Stang Ziehl Young Jones & Weintraub as set out herein.

INTREPID U.S.A., INC. AND AFFILIATED COMPANIES

Date: 12/28/04    By: _____
Gregory Von Arx, CFO

3

Prepared by:

/s/ Faye Knowles
Faye Knowles (#56959)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, #4000
Minneapolis, MN 55402
Phone (612) 492-7000
Fax (612) 492-7077

#3056866\1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| In re: | § | |
|---|---|---|
| | § | |
| INTREPID U.S.A., INC. | § | Case No. 04-40416_NCD |
| INTREPID OF GOLDEN VALLEY, INC. | § | Case No. 04-4062-NCD |
| F.C. ACQUISITION CORPORATION | § | Case No. 04-40418-NCD |
| | § | Case Nos. 04-41924 – 04-41988-NCD |
| Debtors. | § | |

### DECLARATION OF SAMUEL R. MAIZEL AND STATEMENT OF COMPENSATION IN SUPPORT OF JOINT APPLICATION BY DEBTORS TO EMPLOY PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C. AS SPECIAL COUNSEL

Samuel R. Maizel makes the following declaration in support of the joint application of the above-named Debtors ("Debtors") to employ Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. ("PSZYJW") as Special Counsel, and in compliance with 11 U.S.C. §§ 327(a) and (e), Bankruptcy Rule 2016(b), and Local Rule 1007-1.

1. I am a shareholder in the law firm of PSZYJW. I am an attorney authorized to practice before the courts of the States of Pennsylvania and California, the federal courts for the Northern, Eastern, Central and Southern Districts of California, the Court of Appeals for the Ninth Circuit, and the United States Supreme Court. I make this Declaration in support of the Debtors' application to employ PSZYJW as Special Counsel in this case. If PSZYJW is employed, I will be the attorney primarily responsible for this representation.

2. PSZYJW has completed a conflict check of the Debtors' known secured creditors and the 20 largest unsecured creditors. Based on a preliminary review, it does not appear that PSZYJW has any actual or potential conflicts and that PSZYJW does not represent any other

DOCS_LA:133608.1

entity in connection with this case. PSZYJW further agrees not to represent any other entity in connection with this case if employed by the Debtors. PSZYJW has requested a complete creditor list and will conduct a more complete conflict check using that list. PSZYJW will make additional disclosure following that process.

3. No member of PSZYJW has ever been an officer or director of the Debtors, and no member of PSZYJW is an insider of the Debtors.

4. Based on the above limited conflicts check, and to the best of my knowledge, neither I nor PSZYJW have represented or had any connection with the Debtors, their creditors, or any other party in interest, their attorneys or accountants, the United States Trustee, or any other person employed in the office of the United States Trustee within the meaning of Bankruptcy Rule 2014, except as set out below:

   a. DVI, Inc. is one of the Debtor's secured creditors. DVI recently confirmed its own chapter 11 plan in a case entitled In re DVI, Inc., Case Nos. 03-12656 through 03-12658 (MFW) in the United States Bankruptcy Court for the District of Delaware. In that case, Todd Neilson was appointed as an Examiner, and, pursuant to court order, PSZYJW served as counsel to the Examiner. However, the Examiner long ago filed his report, there is no ongoing work being done by the Examiner or PSZYJW, and the case is now post-confirmation.

   b. In the bankruptcy case of a health plan called Maxicare, PSZYJW represented CNA, one of the 20 largest creditors in this case, with regard to defending a motion by the debtor to have the automatic stay extended to prevent them from not

offering Maxicare to their employees. This representation ended more than 5 years ago, and there is no ongoing relationship.

    c.    PSZYJW is frequently involved in Chapter 11 cases, representing debtors or creditors. As such, PSZYJW is sometimes adverse to the Office of the United States Trustee, and is often adverse to or allied with other law firms and the interests of their clients and other accountants or professionals and the interests of their clients. Such other law firms or accountants or professionals may be or may become involved in this case. These past and future relationships do not constitute conflicts, but may be "connections" within the meaning of Rule 2014, and are therefore disclosed.

    d.    Further, certain members of PSZYJW—but not I—some directly and some indirectly (through another LLC), had a minority ownership interest in XRoads Solutions LLC ("XRoads"), which is providing management services to the Debtors, or had jointly invested with XRoads in certain ventures. Certain attorneys of PSZYJW, excluding myself, directly or indirectly (i.e., as members of XRoads or as equity participants in members of XRoads), in the aggregate had provided investment capital and had a minority ownership interest in XRoads (approximately 37.5%). Those attorneys at PSZYJW who directly or indirectly had invested in XRoads also cumulatively own substantially all of the equity interests in PSZYJW. Attorneys at PSZYJW, whether as members or as participants in members of XRoads, had no day-to-day management authority, control or supervision over the actions of XRoads. Moreover, it is my understanding that these ownership interests and investments were paid off recently and this relationship is now terminated.

e.        Finally, PSZYJW is counsel to the National Association of Attorneys General ("NAAG") on bankruptcy issues related to the Master Settlement Agreement ("MSA") between various participants in the cigarette industry on one hand and forty-six states and six territories that are signatories to the MSA on the other hand (the "States"). This group of states includes states in which the Debtors conduct business, but does not include the State of Minnesota. In this capacity, PSZYJW attorneys advise NAAG and the States from time to time on various issues related to the MSA.

The Debtors have been advised of these "connections" and have waived any conflict arising out of same.

5.      There may be other persons within the scope of Bankruptcy Rule 2014 that, unknown to me, PSZYJW has represented in particular matters in the past. We agree not to represent such persons who are creditors or other parties in interest in this case while representing any of the above Debtors, without further disclosure, and we agree to disclose any connections that we may discover subsequent to the execution of this unsworn declaration.

6.      Except as the Court may determine from the circumstances disclosed above, PSZYJW does not hold or represent any interest adverse to the estates, and PSZYJW is a "disinterested person," within the meaning of 11 U.S.C. § 327(a).

7.      The compensation agreed to be paid by the Debtors to PSZYJW for its representation in this bankruptcy case is the hourly rate customarily charged by PSZYJW, plus consideration for any risk that there may not be funds available to pay fees, any delay in payment

of fees, and such other factors as may be appropriate, plus reimbursable expenses, all as may be allowed by the Court.

8. The services rendered or to be rendered by PSZYJW as Special Counsel include the following:

  a. Negotiating with the federal government, including the Centers for Medicare and Medicaid Services, the US Department of Health and Human Services Office of Inspector General and the US Department of Justice, over any claims and other related issues, arising out of the Debtors' being paid by the federal government for services provided to Medicare or Medicaid eligible persons;

  b. Representing the Debtors at the meetings regarding any claims and other related issues, arising out of the Debtors' being paid by the federal government for services provided to Medicare or Medicaid eligible persons;

  c. Assisting general bankruptcy counsel in responding to motions, applications and other requests for relief on behalf of the Centers for Medicare and Medicaid Services, the US Department of Health and Human Services Office of Inspector General and the US Department of Justice, over any claims and other related issues, arising out of the Debtors' being paid by the federal government for services provided to Medicare or Medicaid eligible persons;

  d. Assisting general bankruptcy counsel in developing, with other professionals retained by the Debtors, those portions of a plan of reorganization and disclosure statement relating to any claims and other related issues, arising out of the Debtors' being paid by the federal government for services provided to Medicare or Medicaid eligible persons; and

5

DOCS_LA:133608 1

e. Performing other services requested by the Debtors or services reasonably necessary to represent the Debtors in this case with regard to the federal government, including the Centers for Medicare and Medicaid Services, the US Department of Health and Human Services Office of Inspector General and the US Department of Justice, over any claims and other related issues, arising out of the Debtors' being paid by the federal government for services provided to Medicare or Medicaid eligible persons.

9. PSZYJW's attorneys are nationally recognized experts on the unique issues that arise in the reorganization or liquidation of healthcare related entities. The firm's lawyers have extensive experience in representing various constituencies in this highly regulated area, having represented health care plans, hospitals, medical groups and other providers of medical goods and services, landlords and real estate investment trusts, trustees, and governmental and private creditors in some of the nation's largest healthcare industry bankruptcy cases. The firm's lawyers lecture extensively in this area and have made presentations before numerous local, regional, state and national professional and trade associations.

10. My practice, which includes bankruptcy matters and financial restructuring in and out of court, has focused on the healthcare industry for more than a decade. Clients include the creditors' committees in *Mariner Post-Acute Network*, *Genesis Health Systems* (two national nursing home operators), and *Associated Physicians of St. Johns* (an IPA); a healthcare REIT as a landlord/creditor in *Sun Healthcare Group*, *NewCare Health Corp.*, *Integrated Health Services*, *Assisted Living Concepts*, and *Alpha Healthcare Foundation* (all nursing home operators); various health plans as debtors (*Health Plan of the Redwoods*), as creditors (in the *FPA Medical Management* and *MedPartners Provider Network* cases), and as purchasers of

6

DOCS_LA:133608.1

assets (in the *Maxicare* case); and the debtors in *Health Source Medical Group* and *Pacific Eyenet* (a chain of ophthalmic clinics). I have spoken on the topic of healthcare restructuring at more than 60 programs over the past 5 years, including programs for the American Bar Association, American Bankruptcy Institute, American Health Lawyers Association, Turnaround Management Association, National Association of Bankruptcy Trustees, States Association of Bankruptcy Attorneys, as well as numerous other local, regional, state, and national associations. I have published more than 12 articles in books, law reviews, and legal magazines, primarily on healthcare insolvency issues. I have been interviewed on television and radio regarding bankruptcy issues in healthcare cases. I was formerly Chair of the American Bar Association's Working Group on Healthcare Related Bankruptcy Issues (1999-2002); and currently co-chair the American Bankruptcy Institute's Health Care Insolvency Committee.

11. Previously, as a civil trial attorney in the United States Department of Justice I frequently represented the Health Care Financing Administration (the predecessor to the Center for Medicare and Medicaid Services) and the Department of Health and Human Services in litigation in bankruptcy and district courts throughout the nation, the Court of Federal Claims, and in bankruptcy appeals before district courts and circuit courts of appeal. I served as lead counsel for the United States in many healthcare related bankruptcy matters including *American Home Healthcare of Georgia, St. Johns Home Health Agency, Mederi of Dade County, Glenbeigh Hospital*, and *Virginia Manor*.

12. The source of all payments to PSZYJW was or will be from earnings or other current income of the Debtors. PSZYJW has not received and will not receive transfer of property other than such payments by the Debtors.

7

13. PSZYJW has not shared or agreed to share with any other person, other than with members of the firm, any compensation paid or to be paid.

14. I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: December 25, 2004

Samuel R. Maizel

8

DOCS_LA:133608.1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 11 Bankruptcy |
| Intrepid U.S.A., Inc., | Case No. 04-40416-NCD |
| and Jointly Administered Cases, | Case No. 04-40462-NCD |
| | Case No. 04-40418-NCD |
| Debtors | Case Nos. 04-41924 – 04-41988-NCD |

### CERTIFICATE OF SERVICE

      Faye Knowles, under penalty of perjury, states that on December 28, 2004 she caused to be served the following:

Joint Application by Debtors to Employ Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. as Special Counsel, Unsworn Declaration of Samuel R. Maizel, proposed Order and Certificate of Service

By U.S. Mail on the parties listed on the attached service list.

Dated: December 28, 2004                */e/Faye Knowles*
                                                  Faye Knowles

#2961158

Dennis Simon
Intrepid U.S.A., Inc.
6600 France Avenue South
Suite 510
Edina MN 55425

Michael Massad/Steven Holmes
Hunton & Williams
30th floor, Energy Plaza
1601 Bryan St
Dallas TX 75201

Robert B. Raschke Esq
U.S. Trustee's Office
1015 US Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Roylene A. Champeaux
D. Gerald Wilhelm
Assistant US Attorney
600 US Courthouse
300 South Fourth Street
Minneapolis MN 55415

MN Department of Revenue
Collection Enforcement
551 Bankruptcy Section
P.O. Box 64447
St. Paul, MN   55164

Internal Revenue Service
Special Procedures Branch
Stop 5700
316 North Robert Street
St. Paul, MN   55101

Blaine Holliday
IRS Office of Chief Counsel
650 Galtier Plaza
380 Jackson Street
St. Paul, MN   55101

Securities & Exchange Comm.
Bankruptcy Section
175 W Jackson Blvd.
Suite 900
Chicago IL 60604

*DVI Financial Services, Inc.*
c/o Clark T. Whitmore
Maslon Edelman et al.
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

*DVI Business Credit Corp.*
Richard M. Beck, Esq.
Klehr, Harrison, Harvey et al.
260 South Broad Street
Philadelphia PA 19102-3163

*Todd J. Garamella*
c/o John McDonald
Robins, Kaplan
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

*Attorneys for Creditors Committee*

Jeffrey K. Garfinkle
Buchalter Nemer et al.
18400 Von Karman Ave, Suite 800
Irvine CA 92612

George Singer
Lindquist & Vennum, P.L.L.P.
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2205

*Requests for Notice*

IRS/Special Procedures Brand
c/o Barbara Zoccola
200 Jefferson Ave, Suite 811
Memphis  TN 38103

Wendy S. Tien, Esq.
US Dpt. of Justice, Civil Dvn
P.O. 875, Ben Franklin Station
Washington, DC 20004-0875

Keith E. Dobbins
US Dpt. of Justice, Civil Division
601 D Street, NW, Room 6613
Washington, DC 20004-0875

Greg Bongiovanni
Office of the General Counsel
Dept. of Health & Human Svs
Suite 5M60 AFC
61 Forsyth St., SW
Atlanta, GA 30303-8909

Bankruptcy Administration
IOS Capital, LLC
1738 Bass Road
PO Box 13708
Macon GA 31208-3708

*U.S. Bank N.A.*
c/o Michael R. Stewart
Faegre & Benson, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901

Lang-Nelson Associates
c/o William I. Kampf
220 South Sixth Street, #1800
Minneapolis, MN 55402

*Additional names for Intrepid II list*

Keybank N.A.
127 Public Square
Cleveland OH 44114

Garamella Family Ltd. Ptnsp
236 Oakwood Road
Interlachen Park
Hopkins MN 55343

David J. Fischer
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive
Suite 3000
Chicago, IL 60606-1229

Bank One
c/o Sandra Lander
400 Murray Street
Alexandria LA 71301

Mpls Comm Dev Agency
105 – 5th Ave S
Minneapolis MN 55401

Affordable Housing Project
c/o Fed Home Loan Bank
907 Walnut St
Des Moines IA 50309

MHFA
ATTN:  William Kuretsky
400 Sibley St, Suite 300
St Paul MN 55101

Neil Herskowitz
Riverside Contracting LLC
PO Box 626
Planetarium Station
New York, NY 10024-0540

CapitalSource Finance LLC
c/o Steven Kluz, Sr., Esq.
Rider Bennett, LLP
333 South Seventh Street,
Minneapolis, MN 55402

CapitalSource Finance LLC
c/o Kenneth J. Ottaviano, Esq.
Katten Muchin Zavis Rosenman
525 West Monroe Street, #1600
Chicago, IL 60661

Healthcare Business Credit Corp.
c/o Steven Meyer, David Galle
Oppenheimer Wolff & Donnelly
3300 Plaza VII
45 South Seventh Street
Minneapolis, MN 55402

Healthcare Business Credit Corp.
c/o Michelle A. Mendez
Greenberg Traurig LLP
600 Three Galleria Tower
13155 Noel Road
Dallas, TX 75240

CenturyTel, Inc.
c/o Rex D. Rainach
3622 Government Street
Baton Rouge, LA 70806-5720

Gary L. Hacker, Esq.
Whitten & Young, P.C.
Bank of America Tower, Suite 1402
500 Chestnut Street
Abilene, TX 79602

Neil Medical Group
c/o Nikole B. Mariencheck, Esq.
Smith, Anderson, et al.
P.O. Box 2611
2500 Wachovia Capitol Ctr (27601)
Raleigh, NC  27602-2611

State of Maryland, Dpt of Labor,
Licensing and Regulation
Off. Of Unemp. Ins. Contrib. Div.
Litigation and Prosecution Unit
1100 North Eutaw Street, Room 401
Baltimore, MD 21201

New Options Founders
c/o Adam M. Spence
105 W. Chesapeake Ave, Suite 400
Towson, MD 21204

Oracle Corporation
c/o Alan Horowitz
Buchalter, Nemer, Fields & Younger
18400 Von Karman Ave, Suite 800
Irvine, CA 92612

Bizrocket.com, Inc.
c/o Jeremy D. Friedman
Downs & Associates
255 University Drive
Coral Gables, FL 33134

Healthcare Assoc. of Walterboro
c/o H. Flynn Griffin, III
Anderson & Associates, P.A.
PO Box 76
Columbia SC 29202

*The Hays Group*
c/o Steven Scott, Esq.
Scott Law Firm, PLC
Suite 400
3300 Edinborough Way
Edina, MN 55435

Nueces County
c/o Diane W. Sanders
Linebarger Goggan Blair & Sampson
1949 South IH 35 (78741)
PO Box 17428
Austin, TX 87860-7428

Bexar County
c/o David G. Aelvoet
Linebarger Goggan Blair & Sampson
Travis Building, 711 Navarro, Ste 300
San Antonio, TX 78205

G-Fore Associates LLC
c/o Bradford A. Steiner
Jason S. Kelley
Steiner Norris PLLC Bradford
2320 Second Ave., Suite 2000
Seattle, WA 98121


Les Nelson Investments
c/o Mark E. Fosse
Dunlap & Seeger, P.A.
206 South Broadway, Suite 505
PO Box 549

Rochester, MN 55903

Aberfeldy II Limited Partnership
c/o J. David Leamon
Munsch Hardt Kopf & Harr
4000 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202-2790

IBM Corporation
Attn: Beverly H. Shideler
Two Lincoln Centre
Oakbrook Terrace, IL 60181|

Richard D. Anderson, Esq.
Briggs and Morgan, P.A.
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

*Woodmen Office Land Associates*
Huntington C. Brown
US Bank Tower
950 Seventeenth Street, Suite 1700
Denver, CO 80202

TN Dept. Labor and Workforce
Development—Unemployment Ins.
c/o Marie Antoinette Joiner
TN Atty General's Office, Bky Div.
PO Box 20207
Nashville, TN 37202-0207

*Atty for MO Dept. of Revenue*
MO Dept. of Revenue, Bky Unit
ATTN: Steven Ginther
PO Box 475
Jefferson City MO 65105-0475

Alberfeldy II Limited Partnership
c/o David E. Runck, Esq.
Oppenheimer Wolff & Donnelly
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402

Maureen M. Cafferkey
Office of the Solicitor
US Dept. of Labor
1240 East Ninth Street, Room 881
Cleveland, Ohio 44199

*Atty for Poturalski, Hawley et al*
Larry Ricke, Esq.
Leonard Street & Deinard
150 S. 5th Street, Suite 2300
Minneapolis MN 55402

*Atty for GA Dept. of Comm. Health*
*Oscar Fears, III*
*40 Capitol Square SW*
*Atlanta GA 30334*

Susan D. Profant, CFCA, CLA,
c/o Ken Burton Jr., Manatee County Tax

Collector
PO Box 25300
Bradenton, FL 34206-5300

*State of WA, Tax Agencies*
c/o Catherine F. Ries
Assistant Atty General of WA
900 Fourth Ave, Suite 2000
Seattle WA 98164-1012

*Atty for TX Comptroller etc.*
Kay D. Brock
c/o Sherri K. Simpson
Bankruptcy & Collections Div.
PO Box 12548
Austin TX 78711-2548

*Atty for Secretary of Labor*
Phyllis B. Dolinko & Eileen Hurley
Counsel for ERISA, Office of the Solicitor
US Department of Labor
230 S Dearborn, Suite 844
Chicago IL 60604

*Atty for McKesson Information Solutions*
Frank W. DeBorde
Morris Manning & Martin
1600 Atlanta Financial Center
3343 Peachtree Road NE
Atlanta GA 30326

3056888/1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 11 Bankruptcy |
| Intrepid U.S.A., Inc., | Case No. 04-40416-NCD |
| and Jointly Administered Cases, | Case No. 04-40462-NCD |
| | Case No. 04-40418-NCD |
| Debtors | Case Nos. 04-41924 – 04-41988-NCD |

**ORDER AUTHORIZING DEBTORS TO EMPLOY SAMUEL R. MAIZEL AND THE LAW FIRM OF PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C. AS SPECIAL CHAPTER 11 COUNSEL**

Upon the Joint Application by the above Debtors to employ Samuel R. Maizel and the law firm of Pachulski Stang Ziehl Young Jones & Weintraub P.C. to assist in the prosecution of a claim objection and related disputes, it appears that the employment is necessary herein, it appears that the individual and firm selected by the Debtors do not hold or represent an interest adverse to the above estates and that they are disinterested within the meaning of 11 U.S.C. § 327(a),

IT IS HEREBY ORDERED:

1. The Debtors may employ Samuel R. Maizel and the law firm of Pachulski Stang Ziehl Young Jones & Weintraub P.C. ("PSZYJW") upon the basis set forth in the application;

2. PSZYJW is authorized to schedule a hearing for allowance of professional fees and expenses under 11 U.S.C. §§ 331 and 330 not more than once every ninety (90) days; and

3. PSZYJW may submit regular monthly invoice to the Debtors, with copies to the counsel for the Official Committee of Unsecured Creditors and to counsel for the United States Trustee, and the Debtors are authorized to pay 80% of such fees and 100% of costs on a monthly basis, subject to later allowance by the Court as set out above.

UNITED STATES BANKRUPTCY COURT

Dated: _____

Nancy C. Dreher
United States Bankruptcy Judge

#3056888\1