UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 11 Bankruptcy |
| Intrepid U.S.A., Inc., <br> And Jointly Administered Cases, <br><br> Debtors. | Case No. 04-40416-NCD <br> Case No. 04-40462-NCD <br> Case No. 04-40418-NCD <br> Case Nos. 04-41924 – 04-41988-NCD |

**ORDER AUTHORIZING EMPLOYMENT OF**
**LARSON, ALLEN, WEISHAIR & CO., LLP AS ACCOUNTANTS FOR THE DEBTOR**
**IN CONNECTION WITH THE 2005 OIG ENGAGEMENT**

Upon the Joint Application of Debtors to Employ Accountants for 2005 OIG Independent Review (Larson, Allen, Weishair & Co., LLP) (the "Application"), in the above-captioned Chapter 11 cases, for entry of an order, pursuant to 11 U.S.C. §§ 328 and 1103(a), Fed. R. Bankr. P. 2014(a) and 2016, and Local Rule 2014-1, authorizing the employment and retention of Larson, Allen, Weishair & Co., LLP ("LarsonAllen") to conduct the independent review for the year ending August 26, 2005, as required by the Corporate Integrity Agreement (CIA) with the Office of Inspector General (OIG) of the United States Department of Health and Human Services (the "2005 OIG Engagement"); the Court having considered the Verified Statement executed by John P. Richter in support of the Application; the Court being satisfied that based upon the representations made in the Application, LarsonAllen does not hold or represent any interest adverse to the Debtors, its respective estate or its respective creditors with respect to the matters upon which they are engaged, that LarsonAllen is a disinterested person as that term is defined under 11 U.S.C. § 101(14) and that the retention and employment of LarsonAllen is

791161v1

necessary and in the best interests of the Debtor's creditors and estate; adequate notice of the Application having been given; and the Court having been fully advised in the premises;

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted and approved in all respects.

2. Pursuant to 11 U.S.C. §§ 328 and 1103(b), Fed. R. Bankr. P. 2014(a) and 2016, and Local Rule 2014-1, Debtors are hereby authorized to retain and employ LarsonAllen for the 2005 OIG Engagement.

3. LarsonAllen shall be compensated in accordance with the procedures set forth in 11 U.S.C. §§ 328, 330 and 331, the applicable Federal Rules of Bankruptcy Procedure, the rules of this Court, and such other procedures as have been or may be fixed by Order of this Court.

4. LarsonAllen is authorized to schedule a hearing for allowance of its professional fees and expenses under 11 U.S.C. §§ 331 and 330 not more than once every 60 days on the Court's regularly scheduled hearing date.

5. LarsonAllen shall issue regular monthly statements to Debtors and the Office of the U.S. Trustee. Upon issuance of the regular monthly statements, LarsonAllen may receive payment for up to 80% of billed attorney fees and 100% of incurred costs prior to obtaining approval of the Court at the regularly scheduled fee application hearings.

Dated: September 19, 2005

/e/ Nancy C. Dreher
United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 9/20/05
Lori A. Vosejpka, Clerk, By KK

e865-1

791161v1